Plaintiff-appellant Susan Price appeals from an order finding her in contempt for failure to comply with the property division portion of a divorce decree, ordering her to deliver to defendant-appellee James Price a "Porky Pig" picture, or, in lieu thereof, its monetary value, determined to be $2,000.00, and further ordering payment of attorneys' fees in the amount of $350.00. Ms. Price contends that the order constitutes an abuse of discretion, and is against the manifest weight of the evidence. She contends that the trial court should have accepted her testimony that the "Porky Pig" picture had been stolen from her by Mr. Price, and that, in any event, its value was much less than $2,000.00. From our review of the transcript, we conclude that the order from which this appeal is taken is not against the manifest weight of the evidence. Accordingly, the order isAffirmed.
 I
The parties were divorced by a decree entered July 25, 1997. As part of that decree, it was ordered that Mr. Price would give his wife as her property a stereo receiver, and Ms. Price would give to Mr. Price, as his property, "a Porky Pig picture." ` In December, 1997, Mr. Price filed a motion for contempt, contending that Ms. Price had not complied with the order requiring her to give him the Porky Pig picture. Mr. Price sought appropriate relief, including an award of attorneys' fees. In his memorandum in support of his motion, he alleged that the picture was worth approximately $2,000.00.
In due course, a hearing was held on Mr. Price's motion, before a magistrate. Mr. Price was represented by counsel, but Ms. Price appeared pro se. Both parties testified. Mr. Price testified that he had not received the Porky Pig picture, and that it was worth at least $2,000.00. Ms. Price testified that she did not have the picture — that Mr. Price had broken in to her residence and stolen the picture.
Following the hearing, the magistrate found Ms. Price in contempt, and gave her two options for purging that contempt: either she was to return the picture to Mr. Price in good condition within fifteen days, or she was to pay $2,000.00 to Mr. Price within fifteen days of the order. Mr. Price was also awarded attorneys' fees in the amount of $350.00.
Ms. Price objected to the magistrate's decision, contending, generally, that it was against the manifest weight of the evidence, and not supported by the evidence. The trial court overruled Ms. Price's objections, and adopted the magistrate's order. From that order, Ms. Price appeals.
 II
Ms. Price's First Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ORDERED SUSAN TO GIVE JAMES THE PICTURE WHEN THE EVIDENCE SHOWED THAT THE PICTURE HAD BEEN STOLEN.
Although Ms. Price styles her assignment of error as a claim that the trial court abused its discretion, it is apparent from her argument that she is really contending that the decision to hold her in contempt is against the manifest weight of the evidence. She contends that the trial court should have accepted her testimony that she no longer had the picture because Mr. Price had broken into her home and stolen it.
At the hearing, the magistrate explored this allegation. Although Ms. Price's testimony was somewhat confusing, it appeared to the magistrate, and it appears to us, that she was alleging that she no longer had the Porky Pig picture at the time that the divorce decree was entered. We agree with the magistrate that the trial court was not required to accept this defense to the alleged contempt, because the divorce decree, which appears to have been an agreed entry signed by counsel for both parties and typed on stationery of Ms. Price's attorney, necessarily presupposed Ms. Price's possession of the Porky Pig picture when it provided that she was to give that picture to Mr. Price.
At the contempt hearing, Mr. Price testified that he had not been in possession of the picture. We find nothing inherently incredible in Mr. Price's testimony, and the trial court was permitted to credit it.
Ms. Price's First Assignment of Error is overruled.
 III
Ms. Price Second Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT PLACED THE VALUE OF THE PICTURE AT $2,000.
In this assignment of error, Ms. Price takes umbrage at the value the trial court placed upon the Porky Pig picture. She has attached several exhibits to her brief in support of her position that the picture is actually worth much less than $2,000.
As Mr. Price points out, the attachment to Ms. Price's brief were never of record in the trial court. The only evidence before the trial court concerning the value of the Porky Pig picture was the testimony of its owner, Mr. Price, that it was worth at least $2,000.00. An owner is competent to express an opinion of the value of property. The magistrate did not accept Mr. Price's opinion without additional inquiry. The magistrate elicited from Mr. Price, in questioning, that it was an original work of art, purchased at an art gallery, signed by the artist, and that it was not one of a limited number of originals, but the unique original.
At the contempt hearing, Ms. Price offered no evidence to rebut Mr. Price's testimony concerning the value of the picture. Mr. Price's unrebutted testimony was not inherently incredible, and the trial court was permitted to credit it.
Although Ms. Price has not challenged the award of attorneys' fees we note that it was established at the hearing that Mr. Price paid his attorney approximately $750.00 in connection with the contempt proceedings. The trial court awarded $350.00. In our view, this award is not an abuse of discretion.
Ms. Price's Second Assignment of Error is overruled.
 IV
Both of Ms. Price's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and BROGAN, J., concur.